UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY WILES

                           **Plaintiff,**

      -Against-



                           **COMPLAINT**
                           **DOCKET NO.: 08 CV**

JOHN HANCOCK LIFE INSURANCE COMPANY

                           **Defendant.**

---

    Plaintiff by her attorney, Joseph Fleming, Esq., P.C., complaining of the Defendant alleges as follows:

1. At all times hereinafter alleged, Plaintiff was a resident of the State of New York, residing at 371 West 254th Street, Bronx, NY 10471.

2. Defendant, John Hancock Life Insurance Company is, upon information and belief, a wholly owned subsidiary of Manulife Financial Corporation and is engaged in the business of providing insurance and financial services throughout the United States. Defendant's principal place of business is John Hancock Place, Post Office Box 111, Boston, Massachusetts, 02117.

3. At all times relevant to the allegations in this Complaint, the Defendant provided insurance and financial services to Plaintiff pursuant to life insurance policy number LTC099187510. Said policy provided coverage for home care for Plaintiff in the event of her disability.

4. On or about October 1, 2005, Plaintiff became incapacitated and unable to care for herself without twenty-four hour assistance, and as a result, Plaintiff retained the services of a home nurse attendant.

5. Pursuant to the terms of the policy, Plaintiff was responsible for the cost of Plaintiff's home health care for the first one hundred (100) days, which consisted of October 1, 2005 to January 8, 2006. After that time period, Defendant was responsible for paying the full cost of Plaintiff's home health care during the life of the policy.

6. Under the policy, Plaintiff was also responsible for submitting proof of loss in the form of itemized billing statements to Defendant.

7. The jurisdiction of this Court is invoked pursuant to 28 USC 1322, Diversity of Citizenship, in that Plaintiff is a resident of the State of New York and the Defendant is in the State of Massachusetts. The amount in controversy exceeds $75,000.00.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

8. Plaintiff repeats and reiterates each of the allegations made in paragraphs 1-7 of this complaint.

9. Although the 100th day expired on January 8, 2006 and Plaintiff has submitted itemized billing statements from October 1, 2005 to date, Defendant has failed to honor its obligation under the policy by not paying the costs incurred by the home health care service.

10. Despite the terms of the policy, Plaintiff has paid for her own home health care assistance since October 1, 2005 to date. To date, she has spent a total of $110,714.50 since the 100th

day expired. Plaintiff continues to pay for a home nurse attendant because she needs assistance with her daily personal care.

11. By reason of the foregoing, Plaintiff demands reimbursements for all costs incurred after the 100th day expired in the amount of $110,714.50, plus additional charges incurred.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

12. Plaintiff repeats and reiterates each of the allegations made in paragraphs 1-11 of this complaint.

13. On October 3, 2006, Defendant terminated Plaintiff's insurance policy because Plaintiff allegedly did not send itemized statements evidencing proof of loss. However, Plaintiff has consistently and continuously provided Defendant with invoices and copies of checks as evidence of losses incurred since October 1, 2005.

14. Furthermore, Defendant did not have a valid basis to terminate the insurance coverage and Plaintiff believes that Defendant terminated the policy solely to avoid meeting its obligations under said policy.

15. By reason of the foregoing, Plaintiff demands that the insurance coverage be reinstated.

**THEREFORE,** Plaintiff demands Judgment against Defendant for the total amount incurred by Plaintiff ($110,714.50 plus additional charges incurred), plus costs, disbursements and attorney's fees; directing and compelling Defendant to provide coverage pursuant to the policy and such other and further relief as is just and equitable.

Dated: New York, New York
      March 17, 2008

                                       Yours, etc.,

                                       Joseph Fleming, Esq., P.C.

                                       By: _____
                                          Joseph Fleming, Esq.
                                          Attorney for Plaintiff
                                          116 John Street, Suite 2830
                                          New York, NY 10038
                                          (212) 385-8036
                                          JF9542

DOCKET NO. 08 CV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY WILES

                Plaintiff

    -against-

JOHN HANCOCK LIFE INSURANCE COMPANY

               Defendant

COMPLAINT

**JOSEPH FLEMING, ESQ., P.C.**
Attorney(s) for Plaintiff
116 John Street, Suite 2830
New York, NY 10038
(212) 385-8036

To:

Service of a copy of the within
is hereby admitted

Dated: _____, _____

**Attorney (s) for**

**PLEASE TAKE NOTICE**
○ **NOTICE OF ENTRY**
that the within is a (verified) true copy of a
duly entered in the office of the clerk of the within named court on _____

○ **NOTICE OF SETTLEMENT**
after an order
will be presented for a settlement to the HON.

of which the within is a true copy

To

Service of a copy of the within is hereby admitted.

Dated:............................................. ..........

Attorney(s) for