UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARY WILES,

                Plaintiff,

-- against --

JOHN HANCOCK LIFE INSURANCE
COMPANY,

                Defendant.
_____

**ANSWER**

08 CV 03270 (Rackoff)

       Defendant John Hancock Life Insurance Company ("John Hancock"), by and through its attorneys, Nixon Peabody LLP, hereby responds to Plaintiff's Complaint upon information and belief as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

       2.    Admits.

       3.    Admits that John Hancock issued to Plaintiff a Long Term Care Insurance Policy bearing the number 99187510 ("Policy") and refers the Court to the Policy for the contents thereof, but except as so admitted, denies the remaining allegations contained in paragraph "3" of the Complaint.

       4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Admits that John Hancock issued the Policy to Plaintiff and respectfully refers the Court to the Policy for the contents thereof, but except as so admitted, denies the remaining allegations contained in paragraph "5" of the Complaint.

6. Admits that John Hancock issued the Policy to Plaintiff and respectfully refers the Court to the Policy for the contents thereof, but except as so admitted, denies the remaining allegations contained in paragraph "6" of the Complaint.

7. To the extent that the allegations contained in paragraph "7" are conclusions of law, they require no responsive pleading. Otherwise, John Hancock denies the allegations contained in paragraph "7" of the Complaint and refers all questions of law to the Court.

## AS TO THE FIRST CAUSE OF ACTION

8. John Hancock repeats and reiterates each of the responses in paragraphs 1-7 of the Complaint as if fully set forth herein.

9. Denies the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. To the extent that the allegations contained in paragraph "11" are conclusions of law, they require no responsive pleading. Otherwise, John Hancock denies the allegations contained in paragraph "11" of the Complaint and refers all questions of law to the Court.

## AS TO THE SECOND CAUSE OF ACTION

12. John Hancock repeats and reiterates each of the responses in paragraphs 1-11 of the Complaint as if fully set forth herein.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint.

15. To the extent that the allegations contained in paragraph "15" are conclusions of law, they require no responsive pleading. Otherwise, John Hancock denies the allegations contained in paragraph "15" and refers all questions of law to the Court.

## GENERAL DEFENSES

John Hancock denies each and every allegation contained in the Complaint not addressed above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to benefits under the Policy on the grounds that Plaintiff's claims are barred, in whole or in part, by failure to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to benefits under the Policy on the grounds that Plaintiff failed to meet certain conditions precedent to coverage under the Policy, including but not limited to satisfying the Elimination Period, providing satisfactory Proof of Loss, or otherwise not satisfying the conditions of eligibility under the Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to benefits under the Policy on the grounds that the claim is not covered by and/or does not fall within the terms, conditions, provisions, and/or limitations of Policy, which are fully incorporated herein.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff disputes the coverage positions stated by John Hancock, Plaintiff is not entitled to benefits under the Policy on the grounds that she failed to avail herself of the appeal process under the Policy.

## SIXTH AFFIRMATIVE DEFENSE

John Hancock reserves its right to assert additional defenses to this litigation. At this time, no discovery has taken place. Accordingly, John Hancock expressly reserves the right to amend this Answer with additional defenses and grounds for barring coverage as they are determined to exist.

**WHEREFORE**, it is respectfully requested that this Court enter judgment in this action:

(1) dismissing the Complaint and declaring that John Hancock owes no obligation to Plaintiff under the Policy;

(2) Granting John Hancock such other and further relief as to this Court seems just and proper, including past and future costs, disbursements and counsel fees, costs and expenses, together with interest associated herewith.

Dated: Jericho, New York
May 12, 2008

                **NIXON PEABODY LLP**
                *Attorneys for Defendant*

By: /s/
    Gary P. Schulz (GS-8288)
    Medea A. Myers (MM-5263)

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

TO: Joseph Fleming, Esq.,
    Attorneys for Plaintiff
    116 John Street, Suite 2830
    New York, New York 10038
    (212) 385-8036